```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARVIN KENNEDY,                     : CIVIL NO: 3:10-CV-01764
          Plaintiff                 :
                                    : (Judge Caputo)
     v.                             :
                                    : (Magistrate Judge Smyser)
SCI ROCKVIEW EMPLOYEES AND          :
MEDICAL EMPLOYEES, et al.,          :
                                    :
          Defendants                :
```

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On August 23, 2010, the plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.

The caption of the complaint names as defendants "S.C.I.R. Rockview Employees and Medical Employees." In the section of the complaint entitled "Defendants," the plaintiff lists eighteen defendants as well as John Does.

The plaintiff alleges that, while using the bathroom, he noticed that there was something hanging from his anus. He alleges that he also noticed blood and felt pain.

The plaintiff alleges that defendant Julie[1] examined him and informed him he had hemorrhoids. He alleges that defendant Julie prescribed hemorrhoidal ointment and Ibuprofen. He alleges that she told him to try this for now and that she would call him back down to check to see if the medication is working. He alleges, however, that defendant Julie did not call him back down.

The plaintiff alleges that he complained to medical staff and corrections officers about his discomfort and pain. He alleges that months have gone by and that the medical staff is not taking his problem seriously.

The plaintiff alleges that he complained to defendants Cole, Alexinder, Fetterman and Shaffer about blood in his underwear and that they had him take baths 3 times a day.

The plaintiff alleges that he has suffered pain, that he does not want to eat, that sometimes he can not sleep, that

---

1. It is not clear whether defendant Julie is a nurse or a doctor. In the section of the complaint labeled "Defendants," the plaintiff identifies a "Jule" as an RN. In the section of the complaint labeled "Statement of Claim," the plaintiff makes allegations regarding "Julie" and at one point refers to "Dr Julie."

2

he is unable to leave his cell for daily activities and that at times he gets headaches.

As relief the plaintiff is seeking compensatory and punitive damages.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts."

*Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

4

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 action. 42 U.S.C. §1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to deprivation of any rights, privileges, or immunities secured by the Constitution and

5

>               laws, shall be liable to the party injured in
>               an action at law, suit in equity, or other
>               proper proceeding for redress . . . .

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The complaint fails to state a claim upon which relief may be granted.

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v.*

6

*Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order for the plaintiff to state a viable Eighth Amendment medical care claim he must allege that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with

7

deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Deliberate indifference may be found in a variety of circumstances including where a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, denies prescribed or recommended treatment or persists in a particular course of treatment "'in the face of resultant pain and risk of permanent injury.'" *Rouse*, *supra,* 182 F.3d at 197 (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle, supra,* 429 U.S. at 106. "While the distinction between deliberate indifference

8

and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White*, *supra,* 897 F.2d at 110 (mere

disagreement over proper treatment does not state a claim upon which relief can be granted).

In the instant case, the plaintiff was provided with medical treatment - he was prescribed ointment and Ibuprofen. He was also allowed baths three times a day. Although the plaintiff disagrees with the treatment that he has received, he has not alleged facts from which it can reasonably be inferred that the defendants were deliberately indifferent to the plaintiff's serious medical needs. The plaintiff's allegations regarding the failure to call him back to the medical department at most raises an issue of negligence. Accordingly, the complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). Since this is a case in which the plaintiff has been prescribed treatment and

merely disagrees with that treatment, we conclude that amendment would be futile.

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: September 3, 2010.