# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVIN KENNEDY, | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-CV-1764 |
| v. | (JUDGE CAPUTO) |
| SCI ROCKVIEW EMPLOYEES AND MEDICAL EMPLOYEES, *et al.*, | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is the plaintiff's motion for a temporary restraining order and preliminary injunction. (Doc. 13.) For the reasons explained below, the motion will be denied.

The plaintiff is a state prisoner proceeding *pro se*. He filed a civil rights complaint alleging that prison officials denied him adequate medical treatment for his hemorrhoids. (Doc. 1.) The relief he seeks by his present motions is unclear; but he appears to be requesting that the prison's medical employees be ordered to provide appropriate medical care. His declaration seems to allege that corrections officers are assuming plaintiff's identity by filing requests for information about his condition. (Doc. 14.) Additionally, he alleges he is being mistreated by medical employees "not wanting to let me take my shower, mak[]ing fun of me[,] being disrespectful." (*Id.*) He seems to claim that he was not kept in the infirmary long enough after surgery and instead was made to stand and eat in the inmate dining hall even though he was vulnerable. (*Id.*)

This Court may grant a temporary restraining order only if "specific facts in an affidavit

or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1)(A). Here, the plaintiff has not alleged specific facts showing that he would face immediate and irreparable injury. The only conduct he alleges that could possibly cause harm was his being made to stand and eat. He does not claim that this caused will cause any harm at all; instead he merely insinuates that harm *could have occurred* because he was in a "vulnerable" post-operative state. Similarly, his other assertions fail to show that he will face immediate and irreparable harm. Because the plaintiff has failed to make the required showing under Rule 65, a temporary restraining order cannot issue.

The plaintiff also moves for a preliminary injunction. To obtain the "extraordinary remedy" of a preliminary injunction, the plaintiff must establish "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to [defendants]; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)).

Here, because the plaintiff fails to show a likelihood of success on the merits or that he will suffer irreparable harm the Court will deny his motion *sua sponte*. To succeed on the merits of his Eighth Amendment claim, the plaintiff must show that defendants acted in deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 49 U.S. 97 (1976). Here, plaintiff's motion and his underlying complaint fail to establish a likelihood of success on the merits because he has not shown that his medical needs were serious or that the defendants acted in deliberate indifference to them. (See Report and Recommendation of Magistrate Judge Smyser, Doc. 11.)

Additionally the plaintiff fails to show that he will suffer irreparable harm if the injunction is denied. In fact, he has not shown that he will face future harm of any sort, much less the "irreparable harm" required for the extraordinary measure of a preliminary injunction. At most, the plaintiff suggests that prison guards subjected him to discomfort by making him dine in the prison facility instead of keeping him in the infirmary. He fails to show why this harm could not be remedied following a final determination on the merits. Because the plaintiff has failed to make a threshold showing that an injunction should be granted, it is appropriate for this Court to deny it *sua sponte*.

For the reasons stated above, the plaintiff's motion for a temporary restraining order and preliminary injunction will be denied.

**NOW**, this 20th day of September, 2010, **IT IS HEREBY ORDERED** that the plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 13) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge