# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARVIN KENNEDY,

    Plaintiff,

v.

S.C.I. ROCKVIEW EMPLOYEES AND
MEDICAL EMPLOYEES, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-CV-1764

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

The plaintiff in this action is a state prisoner proceeding *pro se.* He brought this action under 42 U.S.C. § 1983 alleging that he has not received appropriate medical care. Magistrate Judge J. Andrew Smyser reviewed the case pursuant to 28 U.S.C. § 1915A and recommends its dismissal for failure to state a claim upon which relief can be granted. (Doc. No. 11.) He concludes that permitting the plaintiff to amend would be futile because "this is a case in which the plaintiff has been prescribed treatment and merely disagrees with that treatment."

The plaintiff objects to the report and recommendation and moves for leave to amend his complaint[1] and for the appointment of counsel. (Docs. No. 16, 18.) For the reasons explained below, the report and recommendation will be adopted in part. The complaint will be dismissed, but the plaintiff will have the opportunity to amend. The request for appointed counsel will be denied.

---

[1] The motion is styled "Motion to Supplement Petitioner[']s Objections to Report and Recommendation," but requests leave to amend.

## I. Background[2]

Plaintiff Marvin Kennedy is a state prisoner. After experiencing pain and noticing blood while using the bathroom, he requested a medical appointment.

At the appointment, someone named Julie examined him and diagnosed him as having hemorrhoids. As an initial course of treatment she prescribed ointment and ibuprofen, telling him that she would contact him for a follow-up appointment to see if the treatment was working. Mr. Kennedy was never called back down.

The treatment did not work. When he complained to corrections officers about blood in his underwear, they had him bathe three times per day "d[ue] to medical not wanting to call me down or put me on the call out." Because of his pain, he has trouble sleeping, does not want to eat, and is unable to leave his cell for daily activities. Months have gone by and Mr. Kennedy's complaints have gone unaddressed.

He filed this complaint and is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, the magistrate judge reviewed the complaint and wrote a report and recommendation. The magistrate judge recommends dismissing the complaint for failure to state a claim on the grounds that Mr. Kennedy "at most raises an issue of [medical] negligence" and that "mere disagreement" with his course of treatment does not rise to the level of an Eighth Amendment violation.

Mr. Kennedy objects to the report and recommendation. He argues that his complaint alleges facts supporting a claim of deliberate indifference to serious medical needs. He

---

[2] In reviewing a complaint for failure to state a claim, a court must accept as true all well-pleaded allegations in the complaint, *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000), and construe any reasonable inferences to be drawn from them in the plaintiff's favor. *See United States v. Occidental Chemical Corp.*, 200 F.3d 143, 147 (3d Cir. 1999). Thus, the allegations in the plaintiff's complaint are presumed to be true and presented in his favor.

2

additionally requests leave to amend and the appointment of counsel.

## II. Analysis

**A. Scope of Review of Magistrate Judge's Report and Recommendation**

Where objections to the magistrate judge's report are filed, those portions of the report to which objection are made are reviewed *de novo.* Because adoption of the report represents a final decision of the district court, the district judge should "afford some level of review to dispositive legal issues raised by the report" even where there are no objections. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The extent of review is committed to the discretion of the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). Here, the Court is reviewing the entire report and recommendation *de novo*.

**B. Standard of Review**

Under 28 U.S.C. § 1915A,[3] a court shall review a complaint filed by a prisoner in a civil action and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the court uses the standards applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

---

[3] "The court shall review, before docketing, if feasible or, in any event, as soon as possible after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After screening, the court shall "dismiss the complaint, or any portion of the complaint, if the complaint [is] frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(b).

3

rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In deciding whether to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. To withstand a motion to dismiss, a complaint must state a claim to relief "that is plausible on its face." *Id.* The facial plausibility requirement has been described:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (internal citations omitted).

*Pro se* filings are to be construed liberally and are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants must be granted leave to file a curative amended complaint, even when they do not seek leave, "unless such an amendment would be inequitable or futile." *Alston v. Parker*,

4

363 F.3d 229, 235 (3d Cir. 2004). "Futility" means that an amended complaint would likewise fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997*)* (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* Under this standard, "[t]he District Court determines futility by taking all pleaded allegations as true and viewing them in the light most favorable to the plaintiff." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Winer Family Trust v. Queen*, 503 F.3d 319, 330–31 (3d Cir. 2007)). In general, whenever "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**C. Section 1983**

Under 42 U.S.C. § 1983, a person who, under color of state law, deprives another of any "rights, privileges, or immunities secured by the Constitution and laws" is liable to the party. A defendant in a § 1983 action must have been personally involved in the alleged deprivations; "liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1201 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge or acquiescence, however, must be made with appropriate particularity." *Id.* (citing *Boykins v. Ambridge Area Sch. District*, 621 F.2d 75, 80 (3d Cir. 1980) (civil rights complaint adequate where it states time, place, persons responsible)).

5

In the present action, Mr. Kennedy brings a claim against prison officials on the grounds that they denied him medical treatment in violation of his rights under the Eighth Amendment.

**D. Eighth Amendment Claim**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. In *Estelle v. Gamble*, the United States Supreme Court held that the government has an affirmative obligation to provide medical care to its prisoners. *See* 429 U.S. 97, 103 (1976). "[D]enial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.* Prison officials violate the Eighth Amendment by acting "in deliberate indifference to the serious medical needs of prisoners." *Id.* at 104.

The bar for "deliberate indifference" is set fairly high; not every failure to treat inflicts cruel and unusual punishment. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. To state a claim, *Estelle* requires that a prisoner establish: (1) that the defendants were deliberately indifferent to his medical needs and (2) that those needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

The test for "deliberate indifference" is a subjective one. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). Under this test, "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. The existence of this subjective state of mind may be inferred from the obviousness of the risk of harm. *Id.*

"It is well-settled that claims of negligence or medical malpractice, without some more

6

culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse*, 182 F.3d at 197. Because "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain,'" *id.* (quoting *Estelle*, 429 U.S. at 105), deliberate indifference requires "'obduracy and wantonness,' which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Id.* (internal citations omitted).

Although medical malpractice by itself fails to support a finding of deliberate indifference, the fact that a prisoner has received medical treatment does not necessarily preclude such a finding. *See Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (rejecting the district court's conclusion that the doctor's "conduct in sending [the plaintiff] to several different specialists and providing of some treatment precludes a finding of deliberate indifference."). Courts have found deliberate indifference in a variety of circumstances involving deficient treatment.

For example, deliberate indifference has been found where prison authorities deny reasonable requests for medical treatment and the denial "exposes the inmate 'to undue suffering;'" or where "necessary medical treatment [i]s . . . delayed for non-medical reasons." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (internal citations omitted). Additionally, deliberate indifference has been shown when "prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to [a] physician capable of evaluating the need for such treatment." *Lanzaro*, 834 F.2d at 347 (quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).

7

Once a prisoner establishes deliberate indifference, under the second prong of the *Estelle* test he must establish that his medical needs are "serious." A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Lanzaro*, 834 F.2d at 347. The Third Circuit has also recognized that if "'unnecessary and wanton infliction of pain,' ... results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003) (quoting *Lanzaro*, 834 F.2d at 347).

In keeping with the principle that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle*, 429 U.S. at 106, courts give prison medical personnel wide latitude in the diagnosis and treatment of inmates. Courts should "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). "Mere allegations of malpractice" or "mere disagreement as to the proper medical treatment" do not support an Eighth Amendment claim. *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

Although "mere disagreement" with treatment protocol does not support an Eighth Amendment claim, liability attaches when officials continue a course of ineffective treatment or withhold necessary treatment in deliberate indifference to medical needs. *See White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990). "Prison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for "'an easier and less

efficacious treatment' of the inmate's condition." *Lanzaro*, 834 F.2d at 347 (quoting *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978)).

**E. The Complaint Fails to State a Claim Upon Which Relief Can be Granted**

The Court agrees that Mr. Kennedy's complaint is deficient under the standards set forth in *Twombly* and *Iqbal*, and therefore must be dismissed. The complaint fails to connect many of the named defendants to conduct from which the court can plausibly infer that they were deliberately indifferent to his serious medical needs.

**1. Defendant Julie**

Defendant Julie appears to be a medical professional.[4] Mr. Kennedy alleges that she treated him at his initial appointment, saying "I will call you back down to check and see if the medi[cine] [is] working." He alleges that she did not call him back down. This is not sufficient to state a claim against her because he fails to allege facts from which the Court can infer a sufficiently culpable state of mind. It is possible that she simply forgot about the appointment. Mere inadvertence does not suffice to state a claim of deliberate indifference. Although Mr. Kennedy notes that "medical" does not "want" to call him down, it is unclear whether he is referring to defendant Julie. Additionally, he does not allege facts from which the Court can infer that she knows of his severe pain and is nevertheless denying his requests for treatment for a non-medical reason. Without such allegations, a complaint against her cannot stand.

**2. Corrections Officers**

Mr. Kennedy also lists numerous corrections officers as defendants. He specifically

---

[4] The complaint refers to her as "Dr. Julie" but also refers to a defendant "Jule" who is an RN.

9

lists defendants Alexinder, Fetterman, Shaffer and More[5] as officers he has complained to about his pain and blood. When a prisoner is under a doctor's care, non-medical prison officials are not "chargeable with the Eighth Amendment scienter requirement of deliberate indifference" unless there is "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Here, the complaint suggests that these officers may have had reason to know Mr. Kennedy was not being treated for his pain, because he alleges that "they" have had him bathe "d[ue] to medical not wanting to call [him] down." Even assuming the officers knew Mr. Kennedy was not being treated, it does not follow that they were deliberately indifferent. Just because "medical" does not want to call him in for an appointment does not necessarily mean that the corrections officers have not tried to secure medical attention for him. Had the complaint instead alleged that the officers refused to contact medical professionals on his behalf, it would have sufficiently alleged deliberate indifference. As it stands, the complaint contains no such allegations and thus the Court cannot plausibly infer deliberate indifference on the part of the corrections officers.

### 3. Other Defendants

As for defendants Tammy, Ruper, Blockhurst, Jen, Pam, Symons, Davis, Lamas, Williams, Hicks, Rackavan, Foose, and John Doe, they are nowhere to be found in the complaint's allegations. Thus, the complaint fails to state a claim as to these defendants.

---

[5] He also mentions officer Cole; however Cole is not listed as a defendant. If Mr. Kennedy wishes to add Cole as a defendant in his amended complaint he may do so.

**F. Leave to Amend is Appropriate**

The magistrate judge reasoned that because Mr. Kennedy was provided with medical treatment—namely, ointment, ibuprofen, and frequent baths—he "at most raises an issue of negligence." The report and recommendation concludes that "[a]lthough the plaintiff disagrees with the treatment that he has received, he has not alleged facts from which it can reasonably be inferred that the defendants were deliberately indifferent to the plaintiff's serious medical needs." Because Mr. Kennedy "merely disagrees" with his treatment, the report recommends denying leave to file a curative amendment, because such an amendment would be futile.

The Court is unconvinced. While the complaint falls short of the pleading standards required by Rule 8(a), Mr. Kennedy alleges facts consistent enough with deliberate indifference to his medical needs that an amendment must be permitted. The Court holds that his complaint does not sound simply in negligence, that it suggests deliberate indifference to medical needs, and that those needs qualify as "serious."

Mr. Kennedy alleges more than mere disagreement with his treatment. First, Mr. Kennedy alleges he was not seen for the recommended follow-up appointment despite the fact that he has continued to complain about extreme discomfort. No medical reason for not following up is evident from the complaint. The Court also disagrees that the ibuprofen and ointment are "treatment" for Mr. Kennedy's ailments with which he "merely disagrees." As alleged in the complaint, the ointment and ibuprofen were simply an initial measure, to be re-evaluated for effectiveness. Based on the complaint's allegations, this initial treatment has proven ineffective and yet it has not been re-evaluated in accordance with the plan established by his care provider at the initial appointment.

11

Additionally, Mr. Kennedy suggests deliberate indifference. He complained about blood being in his underwear to officers and "they had me on a bath [schedule] three times [per] day d[ue] to medical not wanting to call me down or put me on the call out . . ." The magistrate judge appears to assume that the plaintiff's daily baths were part of his medical treatment, thus negating a finding of deliberate indifference.

However, another plausible inference can be drawn from this allegation: Mr. Kennedy complained about blood in his underwear and the officers simply had him bathe frequently to deal with the mess and prevent his clothing from being stained—in other words, the baths were not a form of medical treatment, but rather an ad hoc suggestion to deal with a disturbing symptom offered *in replacement of, and while withholding,* proper treatment. The complaint further suggests a culpable mental state: he claims that medical does *not want* to call him down.

Mr. Kennedy also alleges medical needs that are sufficiently "serious" to fall within the ambit of the Eighth Amendment. Mr. Kennedy alleges that his pain has escalated to the point that it *prevents him from leaving his cell* for daily activities and interferes with eating and sleeping. Pain as severe as Mr. Kennedy describes so obviously requires medical attention that it easily qualifies as "serious." Although "mere disagreement" about pain management does not rise to the level of deliberate indifference, *see Bob v. Kuo*, No. 10-1615, 2010 WL 2825644, at *2 (3d Cir. July 20, 2010), this is not a case where the plaintiff is prescribed ibuprofen but prefers acetominophen. This is a case where the plaintiff was prescribed medication that appears ineffective at diminishing his pain, prison officials have been put on notice, and treatment was not secured. Here, his "recognized need" for a follow-up appointment, combined with "the serious nature of his continuing problems, the length

of the delay in treatment, and the reasons for the delay, raise[s] questions as to whether the [defendants] evidenced a deliberate indifference to a serious medical need." *See Young v. Kazmerski*, 266 Fed. App'x 191, 195 (3d Cir. 2008).

In short, at the very least Mr. Kennedy suggests he is being denied medical treatment for his severe pain. Deliberate indifference to medical needs may be found where, as alleged here, "prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering' . . . [or] where knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (internal citations omitted).

Thus, leave to amend must be given.[6] Mr. Kennedy will be given thirty (30) days to submit an amended complaint. Mr. Kennedy is directed to file a comprehensive amended complaint.

In amending his complaint, Mr. Kennedy should provide factual allegations in support of his claim in short, concise, and plain statements in sequentially numbered paragraphs. These allegations should specify the defendants against whom he is making the claim. The amended complaint must be a new pleading which stands by itself without reference to the documents already filed. The amended complaint must be complete in all respects. It should identify the claims asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated Mr. Kennedy's rights. If Mr. Kennedy wishes to include other documents along with the amended complaint, the documents should be labeled as

---

[6] Mr. Kennedy's motion for leave to amend failed to comply with Local Rule 15.1, which requires that a party requesting leave to file an amended pleading submit the proposed amended pleading. The Court is attaching this rule to this Opinion for Mr. Kennedy's review.

13

exhibits and attached to the amended complaint. Mr. Kennedy is further advised that failure to timely respond in the manner explained above will result in the dismissal of this case.

**G. The Request for Appointed Counsel Will be Denied**

Prisoners have no constitutional or statutory right to the appointment of counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). Such appointment is discretionary with the court. *See* 28 U.S.C. § 1915. "As a preliminary matter, the plaintiff's claim must have some merit in fact and law." *Parham*, 126 F.3d at 457 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Once the court determines the claim has merit, it should consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issue;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d at 155–56, 157 n.5).

In moving for the appointment of counsel, Mr. Kennedy argues that he is indigent and has no legal training. The appointment of counsel at this point is not warranted, however, because Mr. Kennedy's claim does not yet pass muster under Rule 8(a). Thus, the motion will be denied without prejudice. Should the need for counsel be demonstrated later, the issue can be reconsidered either *sua sponte* or upon a motion properly filed.

### III. Conclusion

For the foregoing reasons, Mr. Kennedy's complaint (Doc. No. 1) will be dismissed, and the magistrate judge's report will be adopted to the extent that it recommends dismissal.

Mr. Kennedy is directed to file an amended complaint within thirty (30) days in accordance with the standards described in the Court's opinion. Failure to do so will result in the dismissal of the case. The request for the appointment of counsel (Doc. No. 16) will be denied without prejudice.

| | |
|---|---|
| <u>November 22, 2010</u><br>Date | <u>/s/ A. Richard Caputo</u><br>A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARVIN KENNEDY,

    Plaintiff,

    v.

S.C.I. ROCKVIEW EMPLOYEES AND MEDICAL EMPLOYEES, et al.,

    Defendants.

NO. 3:10-CV-1764

(JUDGE CAPUTO)

## ORDER

**NOW**, this 22nd day of November, 2010, **IT IS HEREBY ORDERED THAT:**

(1) The report and recommendation of Magistrate Judge J. Andrew Smyser is **ADOPTED IN PART**.

(2) The complaint (Doc. No. 1) is **DISMISSED**.

(3) Within thirty (30) days of the date of this Order, the plaintiff may file an amended complaint.

(4) The plaintiff's failure to file an amended complaint as described in the Court's opinion will result in the dismissal of this action.

(5) The plaintiff's motion to appoint counsel (Doc. No. 16) is **DENIED, WITHOUT PREJUDICE**.

(6) This matter is **RECOMMITTED** to Magistrate Judge J. Andrew Smyser.

                                          /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge